[No. 7,190.—Department Two.]
June 28, 1882.

## THOMAS G. McLERAN v. JOHN McNAMARA ET AL.

EJECTMENT—EXECUTION—ADVERSE HOLDERS—PARTIES.—Upon an appeal from an order staying the execution of a writ of possession upon a judgment in ejectment, it appeared, so far as the same related to a tract of land in possession of J. C. and D. C., that the parties named at and before the commencement of the action were in exclusive possession of the land in controversy and that they were made parties to the action; but that the suit as to them was afterwards dismissed.

*Held:* They were not affected by the judgment, and the order should be affirmed.

APPEAL from an order in favor of defendants Daniel and Jeremiah Callaghan staying a writ of possession in the Superior Court of the City and County of San Francisco.

*B. S. Brooks,* for Appellant.

The effect of the dismissal of the suit, as to the appellants, was just the same as if no suit had been commenced against them—the same as if the suit had been commenced against Daniel Gorham alone. If the plaintiff had brought suit against Daniel Gorham alone, the recovery of the judgment upon issue joined and verdict of a jury, would have been the establishment of the superiority of the title of the plaintiff to the title of the defendant, and the right of possession as against Gorham followed as a necessary consequence. (*Marshall* v. *Shafter,* 32 Cal. 176; *Yount* v. *Howell,* 14 id. 465; *Mahoney* v. *Middleton,* 41 id. 41; *Satterlee* v. *Bliss,* 36 id. 489.)

The effect of the deed of quitclaim executed by Moore of his "right, title, and interest," and the entry thereunder by the appellants, made them tenants in common with Daniel Gorham. (*Gates* v. *Salmon,* 35 Cal. 576; *Gates* v. *Salmon,* 46 id. 362; *Bornheimer* v. *Baldwin,* 42 id. 27; *Stark* v. *Barrett,* 15 id. 361; *Abel* v. *Love,* 17 id. 233; *Ewald* v. *Corbett,* 32 id. 493.)

The possession of one tenant in common is the possession of all, unless there is some act of exclusion equivalent to an ouster. (*McCauley* v. *Harvey,* 49 Cal. 497; *Waring* v. *Crow,* 11 id. 366; *Colman* v. *Clements,* 23 id. 245; *Owen* v. *Morton,* 24 id. 373; *Carpentier* v. *Mendenhall,* 28 id. 484; *Miller* v. *Myers,* 46 id. 535; *Aguirre* v. *Alexander,* 58 id. 21; *Packard* v. *Johnson,* 57 id. 180.)

Taking actual possession of land under a deed which purports to convey the whole thereof, under a belief that it does convey the whole, when, in fact, it gives title to an undivided portion only, is not an ouster of the tenant in common who owns the other undivided part. *A fortiori,* when the deed, as here, only purports to convey a right, title, and interest. (*Seaton* v. *Son,* 32 Cal. 481; *Owen* v. *Morton,* 24 id. 373; *Hebrard* v. *Jefferson M. Co.,* 33 id. 290; *Carpenter* v. *Mendenhall,* 28 id. 484.)

It follows that at the time of the commencement of this action Daniel Gorham was in the possession of one undivided fourth of the premises, holding adversely to the plaintiff—that the recovery of judgment established the superior right of the plaintiff to that fourth, and consequently to the possession thereof. That consequently plaintiff is entitled to be put into the possession of the fourth as against Daniel Gorham or any one in privity with him, succeeding to the possession of that fourth since the commencement of this suit.

*W. H. L. Barnes*, for Respondents.

The evidence contained in the affidavits submitted to the Court upon the motion of the Callaghans, for a perpetual stay of execution as against themselves and their land, tends to show and did establish beyond any question that at the time of the commencement of the action, the Callaghans and their tenants were in the open, notorious and exclusive possession of the so called plaza, and had so been for several years. They continued in possession down to the time when, as at them and their land the action was dismissed, and have thence hitherto continued to hold, occupy and enjoy the same adversely to all the world.

Their possession at the time plaintiff's counsel sought to put the plaintiff in possession of an undivided fourth of the property, had continued for the period of about eighteen years without any attempt at interference with their rights upon the part of anybody.

They were not parties to the action subsequent to the judgment of dismissal in November, 1872, nor when the action was tried, nor when the judgment was rendered. Upon these facts, and it appearing, notwithstanding said judgment of dismissal as to them, that the plaintiff was endeavoring by virtue of a writ of possession, issued December 4, 1877, in pursuance of the judgment against other defendants to take their land, the Court ordered a perpetual stay of the writ as against the Callaghans and their tenants. It cannot need argument to show that this order was properly made. (*McLeran* v. *McNamara*, 55 Cal. 508.)

Myrick, J.:

This is an appeal from an order staying all proceedings under a writ of possession issued in this action, so far as the same relates to or affects so much of a tract of land therein described as was in the possession of J. Callaghan and D. Callaghan at the time of the commencement of this action, and was in their possession at the date of said order.

It appears, from the affidavits used on the hearing, that in 1853 Gorham, Moore, Fitzpatrick, and Meiggs took possession of a tract of land containing about twenty-nine acres, and caused the same to be inclosed.   They employed one May to occupy the premises and keep possession for them, and for that purpose built a small house on it.   May remained in possession until 1858, when he was succeeded by Hollingshead, and he by Ryan, in the same capacity.   In April, 1861, J. and D. Callaghan purchased from Moore, taking a deed of the premises involved in this motion (portion of the twenty-nine acres), having no knowledge that any person other than Moore had any interest therein or claim thereto, but being informed by Moore that the land was his, and that Ryan, the person then occupying the house, was his tenant.   Ryan attorned to the Callaghans, who have been ever since, by themselves and their tenants, and are, in the quiet and peaceable possession of the premises, holding adversely to all the world. In 1865, the plaintiff, claiming as grantee under Gorham, commenced an action of ejectment against various persons, including the Callaghans and their tenants, to recover possession of a tract of land of about forty acres, including the premises claimed by the Callaghans.   In 1872, that action was dismissed as to the Callaghans and their tenants, and judgment of dismissal was entered.   The action proceeded as to certain other defendants, exclusive of the Callaghans and their tenants, and in 1874 judgment was rendered in favor of plaintiff and against certain defendants, including Gorham. In 1877, a writ of possession was issued commanding the Sheriff to put plaintiff in possession of the tract of land described in the complaint.   One Porter, claiming to be the successor in interest of plaintiff, required the Sheriff to execute the writ by placing him in possession of the undivided

one fourth of the tract of twenty-nine acres. The order of the Court below, staying the execution of the writ as to the Callaghans and their tenants, and the tract in their possession, is the order appealed from.

The order is correct. The Callaghans, by themselves and their tenants, were in the exclusive possession of the land at the time of the commencement of the suit. They were made parties defendant in that suit, which was subsequently dismissed as to them. They, therefore, have not had their day in Court, and they are not affected by the judgment afterwards obtained by plaintiff against other persons.

Order affirmed.

Morrison, C. J., and Thornton, J., concurred.